*Knutsen v. Dion*, No. 342-52-10 Wncv (Teachout, J., June 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 342-52-10 Wncv** |

**JANET KNUTSEN**
    **Plaintiff**

    **v.**

**DAVID M. DION et al.**
    **Defendants**

### DECISION
### Pending Motions

In the Court's February 26, 2015 decision, the remaining claims in this case were identified as follows: "(1) Ms. Knutsen's claim that Mr. Dion is liable for misrepresentations regarding the likelihood of flooding; (2) . . . Mr. Dion's right to indemnity from the Sweetsers; and (3) Mr. Dion's right to attorney fees and other litigation expenses from Ms. Knutsen." The claim for attorney fees is predicated on an asserted contract right in paragraph 20 of the Purchase and Sales Contract (P&S) and the bad faith exception to the American Rule.

Following the Court's ruling, Ms. Knutsen filed two motions labeled as a motion to dismiss and a motion in limine. The court understands Ms. Knutsen, by these motions, to be seeking to voluntarily dismiss her remaining claim against Mr. Dion, which moots Mr. Dion's claim for indemnity against the Sweetsers. Ms. Knutsen also seeks a ruling on Mr. Dion's claim for attorney fees. In response, Mr. Dion insists that he is entitled to proceed to a jury on his claim for attorney fees.

The function of a jury is to resolve disputes of fact. Juries do not decide issues as a matter of law or resolve equitable matters. Mr. Dion has not identified any dispute of fact necessitating a jury trial. The interpretation of an unambiguous contract presents a legal issue. Entitlement to attorney fees under the bad faith exception to the American Rule presents an equitable issue. This case (not to mention the previous case between these parties) has been pending for over five years. In the interest of judicial economy, the Court will address Mr. Dion's claim for attorney fees now.

*The contract right*

The contract relates to the sale of a home by the Sellers to the Purchaser. There are no other parties to the contract. The disputed right to attorney fees appears in paragraph 20, which reads as follows:

> **Default**: If Purchaser fails to close as provided herein, or is otherwise in default, Seller may terminate this Contract by written notice to Purchaser and retain all

Contract Deposits as liquidated damages, or may pursue all legal and equitable remedies provided by law.  If Seller does not notify Purchaser of Sellers's election of remedies within thirty (30) calendar following notice of Purchaser's default, Seller's sole remedy shall be retention of all Contract Deposits as liquidated damages.  Because of the nature and subject matter of this Contract, damages arising from Purchaser's default may be difficult to calculate with precision.  The amount of the Contract Deposits reflect, in part, a reasonable estimate of Seller's damages for Purchaser's default.  The provision hereof granting Seller the election to retain the Contract Deposits as agreed-upon liquidated damages is intended solely to compensate Seller for Purchaser's default.  It is not intended to be a penalty for Purchaser's breach nor is it an incentive for Purchaser to perform the obligations of this Contract.  If Seller fails to close, or is otherwise in default, Purchaser may terminate this Contract by written notice to Seller and shall receive back all Contract Deposits and may pursue Purchaser's rights to all legal and equitable remedies provided by law.  *In the event legal action is instituted arising out of a breach of this Contract, the substantially prevailing party shall be entitled to reasonable attorney's fees and court costs.*

P&S ¶ 20 (emphasis added).  Mr. Dion is not a party to this contract.  He was neither a seller nor a buyer.  The only way that the fee provision in paragraph 20 could extend to him is if he is an intended beneficiary of that portion of paragraph 20.

The Restatement describes an intended beneficiary as follows:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
    (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
    (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302(1); see also *Herbert v. Pico Ski Area Management Co.*, 180 Vt. 141, 150 (2006) (applying § 302).

Nothing in the P&S implies that the Purchaser and the Sellers intended to make Mr. Dion a beneficiary of the fee provision in paragraph 20.  They clearly intended to make him a beneficiary of the limitation of liability provision in paragraph 13.  That paragraph includes this: "*Seller and Purchaser each agree that there is valid and sufficient consideration for this limitation of liability and that the real estate brokers are the intended third-party beneficiaries of this provision.*"  This language plainly makes Mr. Dion a beneficiary of paragraph 13, not paragraph 20 or the contract as a whole.  There simply is no applicable right to attorney fees in the contract.

*The bad faith exception to the American Rule*

Absent a contract right, parties typically are responsible for their own attorney fees under the American Rule. The equitable exceptions to the American Rule are reserved for exceptional cases. See *Cameron v. Burke*, 153 Vt. 565, 576 (1990) ("Exceptional cases include instances where a litigant acts 'in bad faith' or 'vexatiously' and where a litigant's conduct is 'unreasonably obdurate or obstinate.'" (citation omitted)).

Mr. Dion clearly feels that Ms. Knutsen's claims against him were unwarranted and litigated with too much zeal. He no doubt shares that sense of affront with a great many others who find themselves in court defending claims that eventually are withdrawn or proven meritless. However, the law makes room for marginal claims. See, e.g., *LeClair v. Reed ex rel. Reed*, 2007 VT 89, ¶ 6, 182 Vt. 594 (noting that claims that are novel or extreme should not, for those reasons, be dismissed). It gives plaintiffs room to frame their claims and explore them on the evidence turned up in discovery. See *Colby v. Umbrella*, 2008 VT 20, ¶ 6, 184 Vt. 1 (noting the "generous standard governing Rule 15(a) motions to amend"); *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (noting that novel or extreme cases "should be explored in the light of facts as developed by the evidence). It demands that lawyers represent their clients with zeal. See Rules of Professional Conduct 3.1 cmt. [1] ("The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure.").

After five years of litigation, it is clear that this case does not include the sort of circumstances that would warrant an equitable exception to the American Rule. Ms. Knutsen's claims may have been novel or extreme, but they were not overtly frivolous. Her counsel's tactics may have been aggressive, but they were not in any apparent way vexatious, abusive, or obdurate. As one court said, "No one likes to be sued. Parties sometimes even settle lawsuits that they consider to be extortion. But that does not make the filing of a complaint in such an action extortionate." *Park South Associates v. Fishbein*, 626 F. Supp. 1108, 1114 (S.D.N.Y. 1986). The Court denies Mr. Dion's claim for attorney fees.

## ORDER

For the foregoing reasons, Ms. Knutsen's motions are granted. Her remaining claim is withdrawn; Mr. Dion's claim for indemnity against the Sweetsers is moot; and Mr. Dion's claim for attorney fees is dismissed.

Dated at Montpelier, Vermont this _____ day of June 2015.

_____
Mary Miles Teachout
Superior Judge

3